# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>JAVIER ESTRADA<br><br><br><br>*Defendant(s)* | )<br>)<br>)  Case No. 3:24-mj-71507 MAG<br>)<br>)<br>)<br>) |

FILED
Oct 18 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **October 16, 2024** in the county of **San Francisco** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 | Possession with intent to distribute fentanyl |

This criminal complaint is based on these facts:

See attached affidavit of HSI Special Agent Jean-Mathias Bile

☑ Continued on the attached sheet.

Approved as to form /S/ RYAN REZAEI
AUSA RYAN REZAEI

/s/ Jean-Mathias Bile
*Complainant's signature*

Jean-Mathias Bile, HSI Special Agent
*Printed name and title*

Sworn to before me by telephone.

Date: October 17, 2024

*Judge's signature*

City and state: San Francisco, CA
Peter H. Kang, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Jean-Mathias Bile, a Special Agent with Homeland Security Investigations (HSI) having been duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging Javier ESTRADA with 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), based on his possession with the intent to distribute the following controlled substance: a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide (fentanyl), on or about October 16, 2024, in San Francisco, California, in the Northern District of California.

### SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

### AFFIANT BACKGROUND

4. I am a Special Agent (SA) with HSI, within the Department of Homeland Security, and have been so employed since April 2023. I am an investigative or law enforcement

officer of the United States within the meaning of 18 U.S.C. § 2510(7).  I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law, including violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

6. Prior to employment at HSI, I attended an accredited university and hold a bachelor's degree in criminal justice, with a minor in sociology from Old Dominion University.

7. As an HSI Special Agent, I have assisted in the execution of search warrants for controlled substances and/or related paraphernalia, and other evidence of violations of federal drug statutes.  I have participated in investigations targeting individuals and organizations trafficking controlled substances as defined in Title 21, United States Code, Section 802(6).

8. At the Federal Law Enforcement Training Center (FLETC), I have successfully completed thirteen (13) weeks of Criminal Investigator Training Program (CITP), which is a foundational course which builds the basic tools and know-how of criminal investigation procedures. In addition, I completed sixteen (16) weeks of Homeland Security Investigations Special Agent Training (HSI-SAT) at FLETC.  This training included several hundred hours of comprehensive, formalized instruction in, but not limited to, narcotics investigations, drug identification, detection, identification and seizure of drug-related assets, undercover operations, and electronic and physical surveillance procedures.  This training included instruction in the investigation of federal drug violations, including, but not limited to Title 21, United States Code, Sections 841 and 846.

9. Through my training, experience, and interaction with other experienced Special Agents, Task Force Officers, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs, and to collect and conceal drug-related proceeds, and to communicate with other participants to accomplish such objectives.

10. I have personally participated in the investigation discussed in this affidavit.  I am familiar with the facts and circumstances of the investigation through my

personal participation in it based on several investigative techniques, including discussions with agents of HSI and with other law enforcement agencies, and review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part. Facts not set forth herein, or in any attached exhibits, are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

11.     **Possession of Controlled Substance with Intent to Distribute**. Under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), it is unlawful for any person to knowingly or intentionally possess with intent to distribute a federally controlled substance. Under 21 C.F.R. § 1308.12, fentanyl is a Schedule II controlled substance.

## STATEMENT OF PROBABLE CAUSE

12.     On or about October 16, 2024, ESTRADA was arrested by agents from the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), San Francisco Police Department (SFPD), and Homeland Security Investigations (HSI) in the vicinity of Van Ness and Market Street in San Francisco, California, in the Northern District of California. Based on the facts described below, there is probable cause that ESTRADA violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), based on his possession with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide (fentanyl).

13.     On or about October 16, 2024, at approximately 9:52 p.m., an SFPD officer, acting in undercover capacity (hereinafter the "UC"), approached a male wearing a navy-blue jacket and gray pants, who was later identified as Javier ESTRADA. The UC asked ESTRADA for "Forty", to which ESTRADA replied, "of what?". The UC stated, "Clean" (street term used for fentanyl). The UC and ESTRADA both crouched down behind a wall. ESTRADA proceeded to open his jacket and look through a satchel. ESTRADA produced a clear baggy with

a white substance. ESTRADA broke off two chunks and placed them into the UCs hand. The UC handed ESTRADA two twenty-dollar bills of marked currency. Once the exchange was complete the UC stood up and gave a pre-arranged buy signal to the nearby cover officers. The UC proceeded to walk away.

14. Based on my knowledge, training, experience, and consultation with other experienced officers, I believe ESTRADA sold the UC fentanyl.

15. Based on the above, law enforcement believed there was probable cause to arrest ESTRADA for a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

17. At approximately 9:55 p.m., law enforcement personnel converged on the defendants' location, identified themselves as law enforcement, and arrested ESTRADA for the suspected possession with intent to distribute controlled substances.

18. At the scene of the arrest, law enforcement personnel conducted a search of ESTRADA's person incident to arrest and located the marked US Currency that the UC had given ESTRADA in exchange for the suspected fentanyl. The following is the suspected fentanyl that ESTRADA exchanged for $40 with the UC along with other substances found on ESTRADA's person (including fentanyl and methamphetamine) during the search incident to arrest, and $44 of USD also found on his person:

> i. Two clear plastic bags containing a chalky white substance that tested positive presumptively positive using TruNarc for clear. Based on my training and experience, fentanyl may test positive for clear (mannitol) in cases where fentanyl is "cut" i.e., mixed with other chemicals. Thus, based on my training and experience, I believe that this substance is actually a fentanyl mixture. The weight of the suspected fentanyl mixture was determined to be 108.8 grams (including packaging) and is pictured below.



    ii.    A clear plastic bag containing a white chalky substance that tested presumptively positive for methamphetamine. The gross weight of the suspected methamphetamine was 5.7 grams.



iii. A clear plastic bag containing a white chalky substance that tested presumptive positive for fentanyl. The gross weight of this suspected fentanyl was 56.2 grams.



iv. Clear plastic bag containing white chalky substance sold to the UC that tested positive presumptively positive using TruNarc for clear. Based on my training and experience, fentanyl may test positive for clear (mannitol) in cases where fentanyl is "cut" i.e., mixed with other chemicals. Thus, based on my training and experience, I believe that this substance is actually a fentanyl mixture. The weight of the suspected fentanyl mixture was determined to be 2.2 grams (including packaging) and is pictured below.



v. Clear plastic bag containing white chalky substance that tested presumptive positive for methamphetamine:



        vi.        $44 USD found on ESTRADA



19.       The substances described in paragraph 18 (i,ii,iii,iv,v,vi) above were tested using Tru Narc devices. As shown in the pictures above, two of the substances tested presumptive positive for methamphetamine and fentanyl. The substance will be sent to the laboratory for further testing.

20.       ESTRADA was also found to be in possession of one digital scale and 3 black Samsung phones, which were seized at the time of their arrest.

21.       Based on my training and experience and the amount of controlled substance that ESTRADA exchanged with the UC in exchange for US Currency, I believe that ESTRADA possessed the suspected narcotics for purposes of distribution as opposed to mere personal use. For instance, I know from training and experience that the possession of multiple types of narcotics – here, methamphetamine and fentanyl – is consistent with further distribution. Narcotics sellers often carry multiple types of drugs, to ensure they have whatever drug a customer might want. Plus, ESTRADA had just sold the UC suspected fentanyl in a street deal. Additionally, the location of the arrest in San Francisco's Tenderloin District, an area known for a high volume of narcotics trafficking activity, further supports my conclusion that ESTRADA possessed the suspected fentanyl, for the purpose of distribution or sale.

**CONCLUSION**

22. Based on the facts and circumstances set forth above, there is probable cause to believe that on or about October 16, 2024, in the Northern District of California, ESTRADA possessed with the intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide (fentanyl), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

//s//
_____
Jean-Mathias Bile
Special Agent
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 17th day of October 2024.

_____
HONORABLE PETER H. KANG
United States Magistrate Judge